UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UN JUNG KIM,

                    Plaintiff,                                    No. 19 Civ. 03178 (JMF)(KHP)


          -against-

NYC LUXURY KITCHEN & BATH LLC,
ATMOSPHERE KITCHEN AND BATH LLC, ACNY
DEVELOPERS, INC., AMERICAN CONSTRUCTION                   **ANSWER TO COMPLAINT**
OF NY, INC., and WILLIAM KUKIELKA a/k/a BILL
COOK,

                    Defendants.
------------------------------------------------------------------X

          Defendants NYC Luxury Kitchen & Bath LLC, Atmosphere Kitchen and Bath LLC,

ACNY Developers, Inc., American Construction of NY, Inc., and William Kukielka a/k/a Bill

Cook (collectively, "Defendants"), by their attorneys Meltzer, Lippe, Goldstein & Breitstone,

LLP, as and for its Answer to the Complaint filed by Un Jung Kim ("Kim" or "Plaintiff") on or

about April 10, 2019 (the "Complaint") respond as follows:

### NATURE OF THE ACTION

          1.      Paragraph "1" of the Complaint asserts a legal conclusion which requires no

response.  To the extent a response is required, Defendants deny the allegations set forth in

Paragraph "1" of the Complaint, except admits Plaintiff purports to proceed as alleged therein.

### THE PARTIES

          2.      Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph "2" of the Complaint.

3.      Defendants deny the allegations set forth in Paragraph "3" of the Complaint except admit Defendant NYC Luxury Kitchen & Bath LLC is authorized to do business in New York.

4.      Defendants deny the allegations set forth in Paragraph "4" of the Complaint except admit Defendant Atmosphere Kitchen and Bath LLC is authorized to do business in New York.

5.      Defendants deny the allegations set forth in Paragraph "5" of the Complaint except admit ACNY Developers, Inc. is authorized to do business in New York.

6.      Defendants deny the allegations set forth in Paragraph "6" of the Complaint except admit Defendant American Construction of NY, Inc. is authorized to do business in New York.

7.      Paragraph "7" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "7" of the Complaint.

## JURISDICTION AND VENUE

8.      Paragraph "8" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants admit Plaintiff purports to invoke this Court's subject matter jurisdiction, but explicitly denies Plaintiff pleaded a claim upon which relief can be granted, and deny further all other allegations set forth in Paragraph "8" of the Complaint.

9.      Paragraph "9" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny this Court should exercise

pendent, supplemental or other jurisdiction over any purported non-federal claims, and deny further all other allegations set forth in Paragraph "9" of the Complaint.

10.     Paragraph "10" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants admit Plaintiff purports to invoke this Court's subject matter jurisdiction, but explicitly denies Plaintiff pleaded a claim upon which relief can be granted, and deny further all other allegations set forth in Paragraph "10" of the Complaint.

11.     Paragraph "11" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants admit Plaintiff purports to establish that venue may be proper in this district, but otherwise deny that 28 U.S.C. §1391 alone governs the basis for proper venue, and further deny all other allegations set forth in Paragraph "11" of the Complaint.

## FACTUAL ALLEGATIONS

12.     Defendants deny the allegations set forth in Paragraph "12" of the Complaint.

13.     Defendants deny the allegations set forth in Paragraph "13" of the Complaint.

14.     Defendants deny the allegations set forth in Paragraph "14" of the Complaint.

15.     Defendants deny the allegations set forth in Paragraph "15" of the Complaint.

16.     Paragraph "16" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "16" of the Complaint.

17.     Paragraph "17" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "17" of the Complaint.

18.     Defendants admit the allegations set forth in Paragraph "18" of the Complaint.

19.     Defendants deny the allegations set forth in Paragraph "19" of the Complaint.

20.     Paragraph "20" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "20" of the Complaint.

21.     Paragraph "21" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "21" of the Complaint.

22.     Paragraph "22" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "22" of the Complaint.

23.     Paragraph "23" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "23" of the Complaint.

24.     Defendants deny the allegations set forth in Paragraph "24" of the Complaint.

25.     Defendants deny the allegations set forth in Paragraph "25" of the Complaint.

26.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "26" of the Complaint.

27.     Defendants deny the allegations set forth in Paragraph "27" of the Complaint.

28.     Defendants deny the allegations set forth in Paragraph "28" of the Complaint.

29.     Defendants deny the allegations set forth in Paragraph "29" of the Complaint and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

30.     Defendants deny the allegations set forth in Paragraph "30" of the Complaint and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

31.     Defendants deny the allegations set forth in Paragraph "31" of the Complaint and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

32.     Defendants deny the allegations set forth in Paragraph "32" of the Complaint.

33.     Defendants admit the allegations set forth in Paragraph "33" of the Complaint.

34.     Defendants deny the allegations set forth in Paragraph "34" of the Complaint.

35.     Defendants deny the allegations set forth in Paragraph "35" of the Complaint.

36.     Defendants admit the allegations set forth in Paragraph "36" of the Complaint

37.     Defendants deny the allegations set forth in Paragraph "37" of the Complaint.

38.     Defendants deny the allegations set forth in Paragraph "38," including footnote 1, of the Complaint.

39.     Defendants deny the allegations set forth in Paragraph "39" of the Complaint and respectfully refers the Court to the document cited therein.

40.     Defendants deny the allegations set forth in Paragraph "40" of the Complaint.

41.     Defendants deny the allegations set forth in Paragraph "41" of the Complaint.

42.     Defendants deny the allegations set forth in Paragraph "42" of the Complaint.

43.     Paragraph "43" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "43" of the Complaint.

44.     Defendants deny the allegations set forth in Paragraph "44" of the Complaint.

45.     Defendants deny the allegations set forth in Paragraph "45" of the Complaint.

46.     Defendants deny the allegations set forth in Paragraph "46" of the Complaint.

47.     Defendants deny the allegations set forth in Paragraph "47" of the Complaint.

48.     Defendants deny the allegations set forth in Paragraph "48" of the Complaint.

49.     Defendants deny the allegations set forth in Paragraph "49" of the Complaint.

50.     Defendants deny the allegations set forth in Paragraph "50" of the Complaint.

51.     Defendants deny the allegations set forth in Paragraph "51" of the Complaint.

52.     Defendants deny the allegations set forth in Paragraph "52" of the Complaint.

53.     Defendants deny the allegations set forth in Paragraph "53" of the Complaint.

54.     Defendants deny the allegations set forth in Paragraph "54" of the Complaint.

55.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "55" of the Complaint.

56.     Defendants deny the allegations set forth in Paragraph "56" of the Complaint.

57.     Defendants deny the allegations set forth in Paragraph "57" of the Complaint.

58.     Defendants deny the allegations set forth in Paragraph "58" of the Complaint.

59.     Defendants deny the allegations set forth in Paragraph "59" of the Complaint.

60.     Defendants deny the allegations set forth in Paragraph "60" of the Complaint.

61.     Defendants deny the allegations set forth in Paragraph "61" of the Complaint.

62.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "62" of the Complaint.

63.     Defendants deny the allegations set forth in Paragraph "63" of the Complaint.

64.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "64" of the Complaint.

65.     Defendants deny the allegations set forth in Paragraph "65" of the Complaint.

66.     Defendants deny the allegations set forth in Paragraph "66" of the Complaint.

67.     Defendants deny the allegations set forth in Paragraph "67" of the Complaint.

68.     Defendants deny the allegations set forth in Paragraph "68" of the Complaint.

69.     Defendants deny the allegations set forth in Paragraph "69" of the Complaint.

70.     Defendants deny the allegations set forth in Paragraph "70" of the Complaint.

71.     Defendants deny the allegations set forth in Paragraph "71" of the Complaint.

## FIRST CAUSE OF ACTION
## Failure to Pay Overtime Wages Pursuant to the FLSA

72.     Defendants repeat and incorporate by reference all denials, admissions, and other responses to the allegations contained in Paragraphs "1" through "71" of the Complaint, as if said statements were repeated herein at length in response to Paragraph "72" of the Complaint.

73.     Paragraph "73" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "73" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

74.     Paragraph "74" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "74" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

75.     Paragraph "75" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "75" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

76.     Paragraph "76" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "76" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

77.     Paragraph "77" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "77" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

78.     Defendants deny the allegations set forth in Paragraph "78" of the Complaint.

79.     Defendants deny the allegations set forth in Paragraph "79" of the Complaint.

80.     Defendants deny the allegations set forth in Paragraph "80" of the Complaint.

81.     Defendants deny the allegations set forth in Paragraph "81" of the Complaint.

82.     Paragraph "82" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "82" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

83.     Paragraph "83" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "83" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

84.     Paragraph "84" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in

Paragraph "84" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

## SECOND CAUSE OF ACTION
### Failure to Pay Overtime Wages Pursuant to the NYLL

85.     Defendants repeat and incorporate by reference all denials, admissions, and other responses to the allegations contained in paragraphs "1" through "84" of the Complaint, as if said statements were repeated herein at length in response to Paragraph "85" of the Complaint.

86.     Paragraph "86" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "86" of the Complaint and respectfully refers the Court to the statutory authority cited therein for their full meaning and effect.

87.     Paragraph "87" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "87" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

88.     Paragraph "88" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "88" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

89.     Defendants deny the allegations set forth in Paragraph "89" of the Complaint.

90.     Defendants deny the allegations set forth in Paragraph "90" of the Complaint.

91.     Defendants deny the allegations set forth in Paragraph "91" of the Complaint.

92.     Defendants deny the allegations set forth in Paragraph "92" of the Complaint.

93.     Paragraph "93" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "93" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

94.     Paragraph "94" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "94" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

### THIRD CAUSE OF ACTION
### Failure to Pay Commissions Pursuant to the NYLL

95.     Defendants repeat and incorporate by reference all denials, admissions, and other responses to the allegations contained in paragraphs "1" through "94" of the Complaint, as if said statements were repeated herein at length in response to Paragraph "95" of the Complaint.

96.     Paragraph "96" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "96" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

97.     Paragraph "97" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "97" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

98.     Paragraph "98" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in

Paragraph "98" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

99.     Paragraph "99" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "99" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

100.    Paragraph "100" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "100" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

101.    Paragraph "101" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "101" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

102.    Paragraph "102" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "102" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

103.    Paragraph "103" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "103" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

104.    Defendants deny the allegations set forth in Paragraph "104" of the Complaint.

105.    Paragraph "105" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "105" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

106.    Paragraph "106" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "106" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

## FOURTH CAUSE OF ACTION
### Failure to Provide Benefits Pursuant to the NYLL

107.    Defendants repeat and incorporate by reference all denials, admissions, and other responses to the allegations contained in paragraphs "1" through "106" of the Complaint, as if said statements were repeated herein at length in response to Paragraph "107" of the Complaint.

108.    Paragraph "108" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "108" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

109.    Paragraph "109" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "109" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

110.    Paragraph "110" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in

Paragraph "110" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

111.    Paragraph "111" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "111" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

112.    Paragraph "112" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "1112" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

113.    Paragraph "113" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "113" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

114.    Paragraph "114" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "114" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

## FIFTH CAUSE OF ACTION
### Unlawful Deductions from Wages Pursuant to the NYLL

115.    Defendants repeat and incorporate by reference all denials, admissions, and other responses to the allegations contained in paragraphs "1" through "114" of the Complaint, as if said statements were repeated herein at length in response to Paragraph "115" of the Complaint.

116.     Paragraph "116" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "116" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

117.     Paragraph "117" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "117" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

118.     Paragraph "118" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "118" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

119.     Paragraph "119" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "119" of the Complaint.

120.     Paragraph "120" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "120" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

### SIXTH CAUSE OF ACTION
### Failure to Provide Wage Notice Pursuant to the NYLL

121.     Defendants repeat and incorporate by reference all denials, admissions, and other responses to the allegations contained in paragraphs "1" through "120" of the Complaint, as if said statements were repeated herein at length in response to Paragraph "121" of the Complaint.

122.     Paragraph "122" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "122" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

123.     Paragraph "123" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "123" of the Complaint.

124.     Paragraph "124" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "124" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

**SEVENTH CAUSE OF ACTION**
**Failure to Provide Wage Statements Pursuant to the NYLL**

125.     Defendants repeat and incorporate by reference all denials, admissions, and other responses to the allegations contained in paragraphs "1" through "124" of the Complaint, as if said statements were repeated herein at length in response to Paragraph "125" of the Complaint.

126.     Paragraph "126" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "126" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

127.     Paragraph "127" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "127" of the Complaint.

128.     Defendants deny the allegations set forth in Paragraph "128" of the Complaint.

129.    Defendants deny the allegations set forth in Paragraph "129" of the Complaint.

130.    Paragraph "130" of the Complaint asserts a legal conclusion which requires no response.   To the extent a response is required, Defendants deny the allegations set forth in Paragraph "130" of the Complaint and respectfully refer the Court to the statutory authority cited therein for their full meaning and effect.

**EIGHTH CAUSE OF ACTION**
**Breach of Contract Pursuant to New York Common Law**

131.    Defendants repeat and incorporate by reference all denials, admissions, and other responses to the allegations contained in paragraphs "1" through "130" of the Complaint, as if said statements were repeated herein at length in response to Paragraph "131" of the Complaint.

132.    Defendants deny the allegations set forth in Paragraph "132" of the Complaint.

133.    Defendants deny the allegations set forth in Paragraph "133" of the Complaint.

134.    Defendants deny the allegations set forth in Paragraph "134" of the Complaint.

135.    Defendants deny the allegations set forth in Paragraph "135" of the Complaint.

136.    Defendants deny the allegations set forth in Paragraph "136" of the Complaint.

**NINTH CAUSE OF ACTION**
**Promissory Estoppel Pursuant to New York Common Law**

137.    Defendants repeat and incorporate by reference all denials, admissions, and other responses to the allegations contained in paragraphs "1" through "136" of the Complaint, as if said statements were repeated herein at length in response to Paragraph "137" of the Complaint.

138.    Defendants deny the allegations set forth in Paragraph "138" of the Complaint.

139.    Defendants deny the allegations set forth in Paragraph "139" of the Complaint.

140.    Defendants deny the allegations set forth in Paragraph "140" of the Complaint.

**TENTH CAUSE OF ACTION**
**Quantum Meruit Pursuant to New York Common Law**

141.    Defendants repeat and incorporate by reference all denials, admissions, and other responses to the allegations contained in paragraphs "1" through "140" of the Complaint, as if said statements were repeated herein at length in response to Paragraph "141" of the Complaint.

142.    Defendants deny the allegations set forth in Paragraph "142" of the Complaint.

143.    Defendants deny the allegations set forth in Paragraph "143" of the Complaint.

144.    Defendants deny the allegations set forth in Paragraph "144" of the Complaint.

145.    Defendants deny the allegations set forth in Paragraph "145" of the Complaint.

**ELEVENTH CAUSE OF ACTION**
**Unjust Enrichment Pursuant to New York Common Law**

146.    Defendants repeat and incorporate by reference all denials, admissions, and other responses to the allegations contained in paragraphs "1" through "145" of the Complaint, as if said statements were repeated herein at length in response to Paragraph "146" of the Complaint.

147.    Defendants deny the allegations set forth in Paragraph "147" of the Complaint.

148.    Defendants deny the allegations set forth in Paragraph "148" of the Complaint.

149.    Defendants deny the allegations set forth in Paragraph "149" of the Complaint.

**"PRAYER FOR RELIEF"**

150.    The "PRAYER FOR RELIEF" clause, including subsections "(A)" – "(L)", state a prayer for relief to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny Plaintiffs are entitled to any relief whatsoever.

**ADDITIONAL AVERMENTS**

151.    Defendants deny all claims and allegations not unequivocally admitted herein.

**\* \* \* \***

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

By way of further Answer, Defendants assert the following affirmative and other defenses. In asserting these defenses, Defendants are providing notice to Plaintiffs of the defenses Defendants intend to raise, and Defendants do not assume the burden of proof as to any of the following defenses where the law does not impose such burden on Defendants.

### AS AND FOR A FIRST DEFENSE

The Complaint fails, in whole or in part, to state a cause of action upon which relief can be granted as a matter of fact and law.

### AS AND FOR A SECOND DEFENSE

The Complaint is barred, in whole or in part, by the applicable statutes of limitation and/or administrative filing periods.

### AS AND FOR A THIRD DEFENSE

The Complaint is barred, in whole or in part, by the doctrines of laches, estoppel, and/or unclean hands.

### AS AND FOR A FOURTH DEFENSE

The Complaint fails to state a claim upon which either pre-judgment or post-judgment interest, liquidated damages, punitive damages, exemplary damages or attorneys' fees may be awarded.

### AS AND FOR A FIFTH DEFENSE

To the extent Plaintiff was subject to the overtime and wage-hour provisions of the FLSA, the NYLL, or any other equivalent federal or New York State law, Plaintiff was paid properly under all applicable wage and hour laws.

## AS AND FOR A SIXTH DEFENSE

Plaintiff cannot establish a willful violation under the FLSA or NYLL.

## AS AND FOR A SEVENTH DEFENSE

Any acts or omission on the part of Defendants were in good faith, and Defendants had reasonable grounds for believing that any such acts or omissions were not in violation of the FLSA, NYLL or any other applicable federal, state or local laws, rules, regulations, statutes, ordinances or guidelines, and thus Plaintiff cannot recover any damages in this matter, including, but not limited to, liquidated damages.

## AS AND FOR AN EIGHTH DEFENSE

Defendant Atmosphere Kitchen and Bath LLC was not, and is not, an "employer" of Plaintiff within the meaning of the FLSA or NYLL or any other relevant federal or state law, regulation or ordinance as alleged in the Complaint and, as such, all claims as against Defendant Atmosphere Kitchen and Bath LLC should be dismissed.

## AS AND FOR A NINTH DEFENSE

Defendant ACNY Developers, Inc. was not, and is not, an "employer" of Plaintiff within the meaning of the FLSA or NYLL or any other relevant federal or state law, regulation or ordinance as alleged in the Complaint and, as such, all claims as against Defendant ACNY Developers, Inc. should be dismissed.

## AS AND FOR A TENTH DEFENSE

Defendant American Construction of NY, Inc. was not, and is not, an "employer" of Plaintiff within the meaning of the FLSA or NYLL or any other relevant federal or state law, regulation or ordinance as alleged in the Complaint and, as such, all claims as against Defendant American Construction of NY, Inc. should be dismissed.

## AS AND FOR AN ELEVENTH DEFENSE

Individual Defendant William Kukielka is not, and was not, an "employer" of Plaintiff within the meaning of the FLSA or NYLL or any other relevant federal or state law, regulation or ordinance as alleged in the Complaint and, as such, all claims as against Defendant William Kukielka should be dismissed.

## AS AND FOR A TWELFTH DEFENSE

Individual Defendant William Kukielka has no personal liability under the legal theories or factual allegations asserted by Plaintiff, and as such, all claims against Defendant William Kukielka should be dismissed.

## AS AND FOR A THIRTEENTH DEFENSE

Even if Defendants have, in fact, failed to pay Plaintiff for any of the activities alleged in the Complaint, such activities do not constitute compensable work under the FLSA or NYLL and furthermore, such activities were not an integral and indispensable part of Plaintiff's principal activities of purported employment and are not compensable.

## AS AND FOR A FOURTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.

## AS AND FOR A FIFTEENTH DEFENSE

Plaintiff is not entitled to equitable relief insofar as he has an adequate remedy at law.

## AS AND FOR A SIXTEENTH DEFENSE

To the extent discovery reveals Plaintiff falsely reported her hours of purported work and there is no evidence that Defendants authorized, suffered or permitted the false reporting of

hours, and to the extent Defendants employed Plaintiff, Defendants invoke the doctrines of estoppel and avoidable consequences to bar the claims asserted by Plaintiff.

### AS AND FOR A SEVENTEENTH DEFENSE

Plaintiff's claims are barred by the doctrines of payment, tender, discharge, waiver or abandonment.

### AS AND FOR A EIGHTEENTH DEFENSE

Plaintiff's claims are barred to the extent no private right of action exists to enforce one or more statutes and/or regulations cited by the Plaintiff.

### AS AND FOR A NINETEENTH DEFENSE

Pendent or other jurisdiction should not be exercised over any of Plaintiff's claims brought pursuant to the NYLL or any other state law, statute, regulation or ordinance.

### AS AND FOR A TWENTIETH DEFENSE

The Complaint is barred, in whole or in part, for failure to mitigate damages.

### AS AND FOR A TWENTY-FIRST DEFENSE

Plaintiff is not entitled to cumulative liquidated damages with respect to his FLSA and NYLL claims.  See, e.g., Chowdhury v. Hamza Express Food Corp., 666 Fed. Appx. 59, 60 (2d Cir. 2016); Inclan v. New York Hospitality Group, 95 F.Supp.3d 490 (S.D.N.Y. 2015).

### AS AND FOR A TWENTY-SECOND DEFENSE

To the extent Plaintiff was subject to the wage-hour provisions of the FLSA, the NYLL, or any other equivalent federal or New York State law, Plaintiff was properly paid any and all "earned" commissions under all applicable wage and hour laws.

## AS AND FOR A TWENTY-THIRD DEFENSE

At no point in time did Defendants make any improper deductions from Plaintiff's compensation, and all deductions purportedly made from Plaintiff's compensation (if any) were in accordance with the FLSA, NYLL, or any other applicable federal, state, or local laws, rules, regulations, statutes, ordinances or guidelines.

## AS AND FOR A TWENTY-FOURTH DEFENSE

Plaintiff's claims for "Failure to Provide Wage Statements" are barred pursuant to NYLL § 198(1-d), as Defendants made "complete and timely payment of all wages due."

## AS AND FOR A TWENTY-FIFTH DEFENSE

Plaintiff's claims for "Failure to Provide Wage Notices" are barred pursuant to NYLL § 198(1-b), as Defendants made "complete and timely payment of all wages due."

## AS AND FOR A TWENTY-SIXTH DEFENSE

Defendants cannot be held liable for any of Plaintiff's claims alleged herein, as Defendants cannot be found to employ, or to have employed, Plaintiff upon an "integrated enterprise," and/or "joint" employer theory of liability as a matter of law.

## AS AND FOR A TWENTY-SEVENTH DEFENSE

Plaintiff may not pursue application of an "integrated enterprise" theory and/or test of "joint" employer liability in connection with Defendants' purported violations of the FLSA and/or NYLL in any event, as the Circuit Court for the Second Circuit of the United States has not certified such "integrated enterprise" theory and/or test as a viable method by which to pursue and/or impute "joint" employer liability upon Defendants as a matter of law.

## AS AND FOR A TWENTY-EIGHTH DEFENSE

Without admitting Defendants employed Plaintiff, Defendants cannot be deemed Plaintiff's "joint" employer.

## AS AND FOR A TWENTY-NINTH DEFENSE

The Complaint is barred to the extent Plaintiff seeks or may seek vindication of claims asserted therein in another jurisdiction, forum and/or venue.

## AS AND FOR A THIRTIETH DEFENSE

The Complaint is barred, in whole or in part, as Plaintiff does not qualify as a "commissioned salesperson" as defined in NYLL § 190(6).

## AS AND FOR A THIRTY-FIRST DEFENSE

Any recovery and/or relief to which Plaintiff may be entitled herein (Defendants aver she is entitled to no recovery and/or relief) must be proportionately reduced to the extent Plaintiff recovered, received, may recover, and/or may receive any damages and/or relief in another jurisdiction, forum and/or venue.

## AS AND FOR A THIRTY-SECOND DEFENSE

The Complaint is barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

## AS AND FOR A THIRTY-THIRD DEFENSE

Without admitting Defendants employed Plaintiff, Plaintiff's claims are barred in whole or in part to the extent the work she performed falls within exemptions, exclusions, offsets, credits, or allowances including those provided for in Sections 3 of the FLSA, 29 U.S.C. § 203 and/or the New York State Labor Law, its regulations and Court interpretations thereof.

## AS AND FOR A THIRTY-FOURTH DEFENSE

Plaintiff failed to exercise reasonable care to mitigate her damages, if any, and her right to recover against Defendants should be reduced and/or eliminated due to such failure.

## AS AND FOR A THIRTY-FIFTH DEFENSE

Without admitting Defendants employed Plaintiff, and without admitting Plaintiff is entitled to any damages, any damage calculation in this case is subject to the fluctuating work week methodology set forth by the Supreme Court in *Overnight Motor Trans. Co. v. Missel*, 316 U.S. 572 (1942).

## AS AND FOR A THIRTY-SIXTH DEFENSE

Defendants have paid, partially and/or in full, all sums due and owing, and met all other obligations, if any, as set forth in any and all applicable agreements with Plaintiff.

## AS AND FOR A THIRTY-SEVENTH DEFENSE

Any and all contract claims asserted in the Complaint are barred, in whole or in part, by the Parol Evidence Rule.

## AS AND FOR A THIRTY-EIGHTH DEFENSE

Plaintiff's claims are precluded, in whole or in part, because no contract exists between Plaintiff and Defendants.

## AS AND FOR A THIRTY-NINTH DEFENSE

Defendants' performance under any purported contract and/or agreement was excused, and Defendants would have performed its obligations under any purported contract and/or agreement but for Plaintiff's interference with Defendants' ability to perform, to the extent that Defendants are found in breach of any purported contract and/or agreement.

## AS AND FOR A FORTIETH DEFENSE

Plaintiff's common law claims are barred, in whole or in part, as they are based upon the same facts as FLSA and/or NYLL claims and are thus duplicative and must be dismissed. *See Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 361-62 (E.D.N.Y. 2015); *see also Sampson v. MediSys Hlth. Network, Inc.*, No. 10 Civ. 1342 (SJF)(ARL), 2012 WL 3027838, at *8-9 (E.D.N.Y. July 24, 2012).

## AS AND FOR A FORTY-FIRST DEFENSE

The Complaint is barred, in whole or in part, by the doctrines of election of remedies, mutually exclusive remedies, and/or any combination of these doctrines.

## AS AND FOR A FORTY-SECOND DEFENSE

The Complaint fails to allege facts sufficient to allow recovery of punitive, liquidated, or exemplary damages from Defendants.

## AS AND FOR A FORTY-THIRD DEFENSE

Any and all contract claims asserted in the Complaint are barred, in whole or in part, by the Statute of Frauds.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend its Answer during the course of this litigation. Defendants also reserve the right to assert such additional defenses as may appear and prove applicable during the course of this action.

**WHEREFORE**, having fully answered Plaintiff's allegations, Defendants respectfully request the dismissal of the Complaint, with prejudice, an award of costs, including reasonable attorney's fees incurred in the defense of this action, and such other and further relief as the Court deems just and proper.

Date:   Mineola, New York
         May 31, 2019

                                    **MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**

                                    By: _____*/s/*_____
                                    Nicholas P. Melito, Esq.
                                    Jonathan D. Farrell, Esq.
                                    Larry R. Martinez, Esq.
                                    *Attorneys for Defendants NYC Luxury Kitchen & Bath*
                                    *LLC, Atmosphere Kitchen And Bath LLC, ACNY*
                                    *Developers, Inc., American Construction of NY, Inc., and*
                                    *William Kukielka a/k/a Bill Cook*
                                    190 Willis Avenue
                                    Mineola, New York 11501
                                    T: (516) 747-0300


To:     **KORDER LAW.** (*Via ECF*)
         Jacob Korder, Esq.
         *Attorneys for Plaintiff*
         470 Park Avenue South, 3rd Floor
         New York, New York 10016
         T: (646) 762-7265